Kinkade, J.
 

 This case comes before this court on exceptions taken by the prosecuting attorney of Tuscarawas county to a ruling and judgment of the court of common pleas of that county made in the trial of the defendant under an indictment charging him with having violated the intoxicating liquor law, Sections 6212-13 to 6212-20, General Code.
 

 The grand jury of that county returned an indictment against the defendant, which charged him in the following terms, omitting the formal parts of the indictment, that is to say: That Mike Popovich, late of said county, on the 8th day of January, 1927, at the county of Tuscarawas aforesaid, “did then and there possess intoxicating liquor, containing more than one-half of 1 per cent, of alcohol by volume and fit for beverage purposes; that the possessing of intoxicating liquor as aforesaid by the said Mike Popovich was then and there prohibited and unlawful and contrary to Section 6212-15 of the General Code of Ohio.”
 

 By the next paragraph of the indictment, the grand jurors set forth the fact that at a previous date Popovich had committed a violation of the same statute and had been prosecuted and sentenced, and that a final adjudication had been reached in that matter.
 

 By the third paragraph of the indictment, the grand jurors affirmed that, at a date subsequent to the first offense above mentioned, Popovich had again been convicted of a like violation of the same statute, and therefore, in the fourth paragraph of
 
 *229
 
 the indictment, the grand jurors declared that the present offense was his third offense.
 

 When arraigned, Popovich entered a plea of not guilty to this indictment. He thereupon filed a demurrer to the indictment, first, on the ground that the indictment was in conflict with both the state and federal Constitutions; and, second, that the allegations'set forth in the indictment did not constitute a third offense.
 

 He also filed a motion to quash the indictment, on three grounds — the first being that the court did not have jurisdiction, as shown by said indictment; second, that the indictment on its face did not constitute a third offense; .and, third, that the indictment charging the defendant as being guilty of unlawfully selling intoxicating liquors as a second offense is not a second charge of possessing intoxicating liquor within the purview of the law, and therefore not a second offense, and hence the allegation in the indictment charging a third offense could not be sustained.
 

 He thereafter filed a plea in bar, presenting the same questions.
 

 The demurrer and the motion to quash were both overruled, and exceptions saved, and the defendant was put upon trial. Several witnesses were called on behalf of the state to establish the charge in the indictment that he was guilty of unlawfully possessing intoxicating liquor on January 8, 1927. The state then offered evidence tending to show the two former convictions. The evidence did show a plea of guilty to the first offense charged, that he was
 
 *230
 
 sentenced, and the sentence, as modified, was executed, and that prosecution entirely adjudicated.
 

 The evidence with respect to the second offense showed that Popovich had been convicted in the probate court of violating the same statute, that the case had been carried to the common pleas court and the conviction there affirmed, and that Popovich thereafter prosecuted error to the Court of Appeals, and that the case was pending, but not tried, in the Court of Appeals at the time the grand jury returned the indictment against him for the violation covering the offense of January 8, 1927. Shortly after this indictment had been returned, the Court of Appeals duly affirmed that second conviction, and no error was prosecuted to that judgment of the court. All this took place long before Popovich was tried under the indictment in question.
 

 At the close of the state’s evidence, a stipulation was entered into, as shown by the bill of exceptions, between counsel, with respect to the dates of the occurrences hereinbefore mentiond, and with this stipulation the state rested its case. Thereupon the accused moved the court to direct the jury to return a verdict in his favor, finding him not guilty. The jury followed the direction of the court and returned such a verdict, and thereupon the jury and the accused were discharged, over the objection and exception of the prosecuting attorney.
 

 Counsel for Popovich contends that, by reason of the fact that his second violation of law had not been finally adjudicated when the grand jury returned the indictment for which he was upon trial, the grand jury was wholly without jurisdiction to investigate and determine the matter, and that consequently the
 
 *231
 
 indictment returned was a nullity, and the evidence offered in support of it was incompetent, and therefore there was no evidence tending to establish the guilt of the accused, and hence the motion for a directed verdict, which the court granted, was entirely proper in every respect.
 

 The difficulty about this proposition is that it does not take into account at all the fact that the indictment presented a complete charge of violation of law in its first paragraph, which was abundantly sustained by the evidence offered by the state, and there was no proof at all offered by the accused tending to negative the allegations of that part of the indictment. To sustain the contention of counsel for the accused would be to hold that, so long as either of the first two violations of law remain unadjudicated, the accused, notwithstanding the fact that a third breach of the statute has been committed, still cannot be prosecuted for that breach because the grand jury has stated in its indictment that it is a third violation; which the accused claims is not true. He makes no pretense of claiming that he did not, on January 8, 1927, the date mentioned in the indictment, unlawfully possess intoxicating liquor, contrary to the provisions of the statute, and all he does say is that, no matter if he did so possess intoxicating liquors upon that day, he cannot be prosecuted for that offense until both of two prior violations have been fully and completely adjudicated with a finding of guilt in each case. If that is a correct statement of the law, then it follows inevitably that, after a man has committed one violation of the law, he cannot be prosecuted for a second violation of the same law until he has been finally convicted of the
 
 *232
 
 first. Where there is a graduation of penalty prescribing a higher penalty for each succeeding offense, this would furnish a fine form of immunity from prosecution, to say the least. Surely it cannot be necessary to do more than to state such a proposition to indicate what the answer must be.
 

 The grand jury has jurisdiction to inquire into all offenses that are alleged to have been committed within the county, and it has full authority and power to act in any and all cases where the evidence produced before it seems to be sufficient to show that the accused should be placed on trial. The indictment itself does not raise even a presumption of guilt of any kind. There cannot be any such thing as a want of jurisdiction on the part of the grand jury to consider an incident of this character. The grand jury may return an indictment based on false testimony, and the indictment may fail entirely by reason of the inability of the state to establish by evidence the facts alleged in the indictment. But, even so, that does not affect the jurisdiction and power of the grand jury to indict, and the accused cannot be relieved by a motion to the court to direct a finding of not guilty in any case where the evidence offered by the state tends to sustain the allegations of the indictment, and no evidence is offered to the contrary. If it be conceded that the allegations in the indictment, seeking to make this a third offense, could not be sustained inasmuch as one of the former violations of law had not passed to conviction and final adjudication, that would not dispose of the indictment charging distinctly the violation of law committed on January 8, 1927. It might have an important bearing upon the extent of the pun
 
 *233
 
 ishment to be applied as to that offense, but it would by no means render the indictment invalid and of no force and effect. It would simply' present a case where the indictment alleged more than the state found it possible to prove, but the indictment would still stand as a valid indictment in so far as it's allegations were sustained by the evidence of the state.
 

 That is as far as this court need go to dispose of the matter of the exceptions taken by the prosecuting attorney in this case. The trial court was wholly without authority to grant the motion of the accused for a directed verdict of not guilty in his fav- or, and the action of the trial court in so doing was clearly erroneous. The exceptions of the prosecuting attorney are sustained.
 

 Exceptions sustained,.
 

 Marshall, C. J., Day, Allen, Robinson and Matthias, JJ., concur.